56 CCPA
**Application of Hans DOEBL, Kurt Bohrmann and Wilhelm Ruhl.**

**Patent Appeal No. 8006.**

United States Court of Customs and Patent Appeals.

Nov. 27, 1968.

James E. Bryan, Roy W. Butrum, Washington, D. C., for appellants.

Joseph Schimmel, Washington, D. C. (Jere W. Sears, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, SMITH, ALMOND, and BALDWIN, Judges.

WORLEY, Chief Judge.

The Board of Appeals affirmed the examiner's rejection of process claims 1–5 [1] as unpatentable in view of certain prior art. Appellants allege reversible error.

The invention relates to a mixing process for treating plastic materials. The process and associated apparatus are described in the following terms in the specification, which should be read in conjunction with Figure 5 of the appellants' drawings:

> \* \* \* the individual particles of the plastic material to be treated are reciprocated in a preferably horizontal tubular container or shell through which the material is passed. The reciprocating movement, i. e. to and fro, occurs within the space delimited by two swash plate type mixing elements. The reciprocating motion occurs about 50 times per second in an approximately axial direction, i. e. parallel to the axis of the tubular shell, and superimposed upon this motion is a synchronous, radial, motion whereby a varying acceleration is imparted to the individual particles of the material being mixed or otherwise treated.

> \* \* \* \* \* \*
> \* \* \* the apparatus includes a cylindrical container or shell having a rotatable shaft coaxially mounted therein on which a plurality of mixing elements are mounted at an inclined angle with respect to the shaft axis, the individual elements having

1. Appearing in application Serial No. 339,-572, filed January 16, 1964 and entitled "Process and Apparatus for the Continuous Treatment of Plastic Materials."

a greater forwardly-conveying and lesser rearwardly-conveying effect.

* * * the mixing elements are particularly easy to manufacture as they may be stamped out of a flat sheet of metal, for example.

The individual mixing elements include a plurality of substantially planar blades, for example each mixing element may include three blades, two of which are forwardly-conveying and one of which is rearwardly-conveying, although any other combination of number of blades and forwardly- and rearwardly-conveying blades may be employed so long as the net effect is a forwardly-conveying element. The tips of the blades of the individual mixing elements lie on an elliptical curve and have close clearance with the inner wall of the container or shell. The planes of the individual mixing elements may be parallel to each other or, if desired, the planes of the elements may have the same inclination with respect to the shaft axis but a different inclination with respect to each other. * * *

* * * * * *

* * * A series of swash plates are arranged on the shaft 2 as mixing elements and, thus, upon rotation of the shaft, a reciprocating movement is synchronously superimposed on the rotational movement of the material to be mixed and which is subjected to the action of the swash plates. * *

* * * * * *

The flow of material from the feed funnel 9 to the discharge 10 is effected by contact of the materials to be mixed with the mixing elements and/or by inclination of the entire apparatus.

* * * * * *

The flow of the material to be treated takes place from right to left in the embodiment of Figure 5, the shaft 2 rotating in the direction shown by the arrow. Three blades, designated 5 and 7, are provided on each mixing element, two of which, i. e., blades 5, act in a forwardly-conveying direction while blade 7 acts in a rearwardly-conveying direction.

Due to the resulting back and forth movement imparted to the material, an excellent mixing effect is obtained. The reference numeral 6 designates a mixing element rotated about 90° with respect to the other elements. * * *

FIG. 5

Claim 1 is illustrative:

> 1. A process for the continuous treatment of plastic material which comprises passing particles of the material through a treating zone while simultaneously imparting a rapid reciprocating motion and a synchronous, radial, rotational motion to the particles, whereby a varying acceleration is imparted to the individual particles.

The references are:

| Crane | 2,072,710 | Mar. 2, 1937 |
|---|---|---|
| Gard et al. | 2,596,672 | May 13, 1952 |
| Truesdell | 2,670,937 | Mar. 2, 1954 |

Crane, the basic reference employed against all claims, discloses a mixer in which "a plurality of spaced parallel inclined disks 23 having milled or toothed edges" are arranged on a rotating stirrer shaft 5.

Crane states:

> * * * there is a natural tendency for the material to flow by gravity through the machine and this tendency is augmented by the action of the disks in creating a vacuum by virtue of their peculiar position and movement in the drum.

Truesdell and Gard are relied on to establish obviousness under 35 U.S.C. § 103 of certain limitations of dependent claims 3, 4 and 5. Appellants do not appear to seriously question the pertinence of Truesdell and Gard, but do challenge the applicability of Crane to the claimed subject matter.

There is extensive discussion in the record and briefs here concerning the similarities and differences between appellants' precise apparatus structure and that of Crane. Further discussion is devoted to whether the apparatus structure shown in appellants' drawings accurately reflects what is said by them to be described in their specification.[2] We need not enter into a detailed review of the respective arguments, for the decisive issue is whether one of ordinary skill in the art would understand from Crane that the apparatus disclosed in that reference provides the type of particle motion appellants recite in their process claims.

2. We observe in passing that appellants appear to concede that Figure 5 inaccurately illustrates the true construction of their apparatus.

**378**

In that regard, the examiner rejected claim 1 as "fully met" by Crane, explaining that:

> Crane * * * shows a mixer featuring a stirrer employing parallel, planar, inclined, toothed discs 23 which are rotatable on [with?] the shaft 5 and correspond to the rotatable, planar, inclined "swash plates" of appellants. The claimed reciprocating and radial, rotational motion and varying acceleration imparted to the particles treated will inherently be imparted to the treated particles in Crane by virtue of the inclination of the discs on the shaft and their rotation, which is also the case in the device of appellants. * * *

Similarly the board found the flat, inclined, parallel mixing elements of Crane's apparatus to result in no "difference in kind * * * [in] the motion imparted to the material" when compared to the motion imparted by appellants' apparatus.

To controvert the examiner's position, appellants submitted the affidavit of one Matzner. The thesis of that affidavit, reiterated in appellants' brief here, is that the Crane apparatus cannot perform the process of claim 1 "because of the different construction of the mixing elements." It is appellants' position that the mixing elements in the Crane device are planar and therefore cannot impart a rapid reciprocating motion and a synchronous radial rotational motion to the particles.

Appellants' arguments and conclusions, unsupported by factual evidence as they are, do not convince us of error in the position taken below. We think it is evident, as the solicitor pointed out at oral argument, that the inclined planar

discs of Crane perform much in the manner of a "swash plate"[3] upon rotation, and would be expected by one in the art to confer a reciprocating motion to the particles. And, as the board noted, the centrifugal and frictional forces imposed on the particles by the rotating mixing elements of Crane's device could not avoid imparting to them additional radial and rotational motion components.[4]

We also agree with the examiner and board that the subject matter of claims 2–5 is obvious within the meaning of 35 U.S.C. § 103 from a consideration of Crane alone, or in view of Truesdell and Gard.

The decision is affirmed.

Affirmed.

Judge SMITH participated in the hearing of this case but died before a decision was reached.

---

3. Webster's New International Dictionary, 2nd Edition (1956) defines "swash plate" as "A revolving circular plate, set obliquely on its shaft, and acting as a cam to give reciprocating motion to a rod in a direction parallel to the shaft."

4. Matzner explains the particle motion imparted by appellants' apparatus:

* * * material to be mixed is initially centrifugally flung against the interior wall of the cylindrical shell and follows the rotation of the mixing elements.

We see no reason why those conclusions are not equally applicable to the process of Crane.